UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAR-CONE APPLIANCE PARTS CO.,

                      Plaintiff,

v.

MICHAEL MANGAN,
SERVALL COMPANY,

                      Defendants.

REPORT
and
RECOMMENDATION

10-CV-999A(F)

APPEARANCES:  PHILLIPS LYTLE LLP
Attorneys for Plaintiff
JAMES D. DONATHEN,
CHAD W. FLANSBURG,
CHRISTOPHER L. HAYES, of Counsel
3400 HSBC Center
Buffalo, New York   14203-2887

DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP
Attorney for Defendant Michael Mangan
PATRICIA GILLEN, of Counsel
1800 Main Place Tower
350 Main Street
Buffalo, New York   14202

JAECKLE FLEISCHMANN & MUGEL, LLP
Attorney for Defendant Servall Company
B. KEVIN BURKE, JR., of Counsel
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, New York   14202

## JURISDICTION

This matter was referred to the undersigned for all pretrial matters by order of Hon. Richard J. Arcara on December 13, 2010 (Doc. No. 31). It is presently before the court on Plaintiff's motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2) ("Plaintiff's motion") (Doc. No. 144).

**BACKGROUND and FACTS**[1]

Initially commenced in the Eastern District of Missouri, this action was transferred to this district on December 7, 2010 (Doc. No. 26). In its Amended Complaint, Plaintiff alleges several claims against Defendant Michael Mangan ("Mangan") and Servall Company ("Servall") arising from Plaintiff's asset purchase and merger of Mangan's former employer A.P. Wagner, Inc. ("A.P. Wagner"), a competitor of Plaintiff's in the wholesale business of supplying appliance replacement parts previously located in this district. Plaintiff's claims include allegations that Mangan breached Mangan's non-disclosure confidentiality, non-competition and fiduciary obligations to Plaintiff based on Mangan's prior employment and shareholder agreement with A.P. Wagner and agreements executed by Mangan incident to Plaintiff's purchase of A.P. Wagner in 2010. Plaintiff also alleges that Mangan and Defendant Servall, one of Plaintiff's current major competitors and Mangan's current employer, converted confidential information acquired by Plaintiff as a result of its acquisition of A.P. Wagner's assets, and that Servall tortiously interfered with Plaintiff's prospective sales to A.P. Wagner's former customers and interfered with Mangan's non-competition and non-disclosure obligations to Plaintiff. On May 13, 2011, Mangan answered asserting nine counterclaims including a request for declaratory judgment that the various non-disclosure, non-solicitation and employment agreements with Plaintiff which are the basis of Plaintiff's claims are unenforceable, and for damages based on claims of alleged breach of contract, tort, estoppel, and violations of New

---

[1] Taken from the pleadings and papers filed in this action.

York's pre-layoff notification law ("WARN law") (Doc. No. 65).  Plaintiff later served an amended complaint in this action on May 5, 2011, alleging, *inter alia*, that Mangan violated Plaintiff's rights under New York's Mohawk Doctrine, prohibiting a voluntary selling owner of a business from soliciting its former customers.[2]

Related actions against Mangan, Servall, two Servall principals, and two former A.P. Wagner executives, which remain pending in New York Supreme Court, Erie County ("the state court actions"), assert claims, like the claims in this action arising from Plaintiff's acquisition of A.P. Wagner, including breach of contract, non-compete and non-disclosure agreements, fiduciary duty, unfair competition, conversion and misappropriation of confidential information such as former A.P. Wagner customer identity and pricing information, unjust enrichment, tortious interference, and unfair competition.  Mangan alleges eight counterclaims in the state court actions which are essentially identical to those interposed in this action.  Substantial paper discovery in the instant and state court actions has progressed including motion practice; however, most of such discovery, including depositions, has occurred in the state actions.  Affidavit of James D. Donathen, Esq. (Doc. No. 144) ("Donathan Affidavit") ¶ 25.  At Plaintiff's request, the two state actions have been consolidated for trial before Justice John A. Michalek.  Donathan Affidavit Exh. C.  Defendant Mangan's motion to dismiss Plaintiff's state court claims was recently denied by Justice Michalek upon condition that Plaintiff request dismissal of the instant action.  *Id.*; Opposing Affidavit of Patricia Gillen, Esq. (Doc. No. 148) ("Gillen Affidavit") Exh. E at 21-22.  Trial of the consolidated state

---

[2] *See Mohawk Maintenance Co., Inc. v. Kessler*, 419 N.E.2d 324, 329-30 (N.Y. 1981).

court actions is scheduled for April 2013.  Mar-Cone's Reply Memorandum of Law (Doc. No. 151) Exh. K.

In support of Plaintiff's motion, Plaintiff represents that if Plaintiff's motion is granted, Plaintiff does not presently intend to seek to amend its amended complaint in the state court actions to add a claim for damages against Mangan based on the Mohawk Doctrine violation as presently alleged against Mangan in this action, Donathan Affidavit at 2 ¶ iv; however, Plaintiff's statement does not specifically forgo a request for injunctive relief, also available under the Mohawk Doctrine.  Additionally, Plaintiff does not oppose adding to the state court actions Mangan's nine counterclaims in this action seeking declaratory judgment relieving Mangan of his non-competition, non-disclosure, and non-solicitation obligations based on a failure of consideration to Plaintiff and seeking damages for breach of contract, estoppel, tort, and violations of the New York WARN law by Plaintiff similar to those previously asserted by Mangan against Plaintiff in the state court actions.  *Id.* ¶ v.

## DISCUSSION

Under Fed.R.Civ.P. 41(a)(2) ("Rule 41(a)(2)" or "Rule") courts may dismiss an action without prejudice at a plaintiff's request based on an assessment of five factors: (1) diligence of the plaintiff in bringing motion, (2) plaintiff's "undue vexatiousness," (3) the status of litigation including defendant's effort and expense in preparing for trial, (4) duplicative costs of potential litigation, and (5) adequacy of plaintiff's explanation for need to dismiss.  *See GAP, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

Dismissal is not proper where a counterclaim has been served unless the counterclaim is preserved for litigation. Fed.R.Civ.P. 41(a)(2). Under the Rule, it is presumed that dismissal without prejudice is proper absent a showing that a defendant will suffer "substantial prejudice." *GAP, Inc.,* 169 F.R.D. at 588 (citing caselaw). Courts may also impose conditions on a request for dismissal pursuant to Rule 41(a)(2) which the court finds "proper." Fed.R.Civ.P. 41(a)(2). "Such a determination is within the sound discretion of the court." *GAP, Inc.*, 169 F.R.D. at 588 (citing *Guzman v. Hazemag, U.S.A.*, 145 F.R.D. 308, 309 (E.D.N.Y. 1993)); *see also Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (dismissal without prejudice reviewed for abuse of discretion) (citing *Zagano*, 900 F.2d at 14)).

Plaintiff contends Plaintiff's motion is justified under each of the relevant factors warranting dismissal pursuant to Rule 41(a)(2). Plaintiff points to the judicial economy which will result by litigating the basic dispute between the parties in the state court actions rather than in both state court and this court as the cases are presently lodged. Donathan Affidavit ¶ ¶ 2i, 21, 26. Further, according to Plaintiff, Plaintiff has repeatedly sought to consolidate this action with those pending in state court but Plaintiff has been rebuffed by Mangan. *Id.* ¶ ¶ 12, 19, 20. Additionally, as neither paper discovery in this action nor depositions have been completed, discovery is on-going and no trial date has been set. *Id.* ¶ ¶ 23, 24. Nor, according to Plaintiff, will Mangan incur significant duplicative defense costs if Plaintiff's claims in this action are pursued in the state court actions as most of the discovery in this action is based on that obtained in the state court actions and is relevant to Plaintiff's claim in this action. *Id.* ¶ ¶ 25-26. Plaintiff also asserts that as Mangan sought dismissal of the state court action based on the

pendency of the instant action, granting Plaintiff's motion will in effect relieve Mangan of potential undue prejudice based on the need to defend related or overlapping claims in two courts, the basis for Mangan's requested dismissal.  *Id.* ¶ 24.  Finally, Plaintiff states that as Plaintiff agrees and Justice Michalek has ordered, Mangan's counterclaims may proceed in the state court action, *Id.* ¶ 2iv; Gillen Affidavit Exh. E at 21, and Mangan will incur no prejudice if dismissal of the claims in this action is granted.  Donathan Affidavit ¶ 9.

Mangan opposes Plaintiff's motion asserting that Plaintiff's filing of the original complaint in this action against Mangan in Missouri was vexatious, Plaintiff engaged in piecemeal litigation by initiating a second suit in 2012 against Mangan in the state court actions, Plaintiff unduly delayed seeking dismissal of the instant action in this court, the parties have engaged in extensive discovery, and the presence of Mangan's counterclaims in this action all warrant denial of Plaintiff's motion.  Gillen Affidavit ¶ 3.  Based on these factors, Mangan requests Plaintiff's requested dismissal be with prejudice, however preserving Mangan's counterclaims and providing for reimbursement of Mangan's costs of defense of the initial action filed in Missouri, and Mangan's costs relating to Mangan's defense in this action that are not useable in defending the state court actions as well as those which are duplicative of Mangan's costs of defense in the state court action.  Gillen Affidavit  ¶ 38(1) - (2).

"Vexatiousness implies a degree of ill-will or improper motive."  *Steward v. Womack Material Handling Systems, Inc.*, 2009 WL 4891808, at *4 (E.D.N.Y. Dec. 11, 2009).  However, a fair and careful review of the Gillen Affidavit fails to reveal any basis on which to conclude that Plaintiff has engaged in vexatious litigation of its claims in this

action. Although Plaintiff's Mohawk Doctrine claim was added after transfer, the underlying facts supporting that theory of liability against Mangan arise from the same scenario giving rise to all of Plaintiff's state court claims, namely, Defendants' alleged various breaches of contractual and common law obligations owed to Plaintiff as a result of Plaintiff's purchase of the assets of A.P. Wagner, Inc. Thus, even if Plaintiff's case against Mangan should have been commenced in New York, the extent of discovery would not have changed in Mangan's favor. While lack of personal jurisdiction over Mangan in Missouri resulted in dismissal and transfer to this district, given the substantial factual basis for Plaintiff's claims as alleged in this case as well as in the state court actions, Plaintiff's decision to initially proceed in Missouri does not demonstrate "ill-will" or "improper motive," *Steward*, 2009 WL 4891808, at *4, constituting vexatiousness, *Zagano*, 900 F.2d at 14, sufficient to require denial of Plaintiff's motion. Even if Plaintiff's decision to commence the action in Missouri on arguably thin personal jurisdictional grounds could be considered vexatious, this is only one of the relevant factors to be considered in guiding the court on whether to dismiss with or without prejudice. *See Zagano*, 900 F.2d at 14 (listing factors). As well, assuming Plaintiff had proceeded in New York, Plaintiff would undoubtedly have asserted the same substantive claims against Mangan. Further, although Mangan accuses Plaintiff of undue delay in adding Plaintiff's state court claims for misappropriation of confidential customer information and wrongful solicitation against Mangan, Gillen Affidavit ¶¶ 33-34, Plaintiff did not obtain confirmatory evidence to support such claims until March 12, 2012 based on extensive document production of emails, Donathen Affidavit Exh. B ¶ 45, and commenced suit against Mangan for

7

misappropriation of trade secrets, unfair competition, and tortious interference a month later in early April 2012.  Donathen Affidavit ¶ 5, Exh. A.  Thus, Plaintiff cannot be said to have engaged in dilatory or abusive litigation in regard to these later asserted claims.

Importantly, Mangan does not demonstrate how Mangan will suffer any cognizable prejudice if Plaintiff's motion is granted without prejudice as Plaintiff requests, particularly given that if Plaintiff's motion is granted, Mangan will be relieved of any further inconvenience in litigating in two courts, the exact result Mangan sought by requesting dismissal in the state court actions.  The parties are in dispute as to which side is more responsible for various delays in completing discovery.  *Compare* Gillen Affidavit ¶ 30 *with* Mar-Cone's Reply at 4 (referring to Mangan's late production).  The court therefore does not find that Mangan has suffered undue prejudice based on the taking of discovery in this action.  Significantly, Mangan does not dispute that most of the discovery relevant to the instant action has been produced in the state court actions thereby removing any plausible reason to believe that dismissal of this action will result in a substantial waste of defense costs relating to this case.  Nor does Mangan dispute the similar scope of discovery directed to Mangan's numerous counterclaims in this action and those alleged in the state court actions.  Neither does Mangan dispute that Plaintiff's prior efforts to dismiss were opposed or that Plaintiff did not seek dismissal promptly in compliance with Justice Michalek's recent order.  Thus, the court finds Plaintiff's motion timely, an absence of undue vexatiousness, the stated justification for the requested dismissal to be sufficient, and a lack of any substantial prejudice to Mangan based on taking of unnecessary discovery or defense costs if dismissal with prejudice is granted.

Moreover, Plaintiff has, as stated, represented it will not seek damages based on its Mohawk Doctrine claim, pending in this action, in the state court action against Mangan.³ Donathan Affidavit ¶ 24. Therefore, even if Plaintiff reserves by dismissal without prejudice the right to reinstate its Mohawk Doctrine claim in the state court actions, Mangan is in no worse position than if Mangan was required to litigate this claim, along with Plaintiff's other state law claims in this action, to a conclusion on the merits and may be in a better position should Plaintiff not proceed with at least the damage element of the Mohawk Doctrine claim as Plaintiff has indicated is its present intent. Donathen Affidavit ¶ 24. In fact, if dismissal is refused, Justice Michalek's order will trigger dismissal of Plaintiff's state court actions with the likelihood Plaintiff will refile these claims in this court. Thus, the court fails to see how Mangan will be unfairly disadvantaged if dismissal is without prejudice as Plaintiff requests.

Moreover, as Plaintiff has indicated it wishes to withdraw Plaintiff's motion should the court be inclined to grant the motion with prejudice, or upon any of Mangan's other requests for reimbursement of defense costs, Plaintiff's Reply at 6, Mangan's demand for dismissal with prejudice is futile as, if the court were to agree with Mangan, the court is required to allow Plaintiff to withdraw Plaintiff's motion and proceed with Plaintiff's claims in this action. *See Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988) (plaintiff seeking voluntary dismissal entitled to withdraw motion in order to avoid dismissal with prejudice). *See also Michigan Surgery Investment, LLC v. Arman*, 627

---

³ However, as noted, Background and Facts, *supra*, ¶ 4, Plaintiff has not specifically represented it will not seek the long-term injunctive relief available under the Mohawk Doctrine. *See Mohawk Maintenance Co., Inc.*, 419 N.E.2d at 329-30.

F.3d 572, 575 (6th Cir. 2010) (same) (citing *Gravatt*, 845 F.2d at 56). As required by Rule 42(a)(2), Mangan's counterclaims will be preserved, Background and Facts, *supra*, at 4; Discussion, *supra*, at 5, and there is no basis to find that Mangan's defense costs addressing the merits of Plaintiff's various claims will have been wasted if dismissal is granted as Plaintiff requests. Dismissal without prejudice has been granted where discovery in a federal action may be "easily carried over" to a pending related state court action. *Steward,* 2009 WL 4891808, at 4 (engaging in lengthy discovery to identify relevant evidence does not support finding of prejudice to defendant sufficient to require dismissal with prejudice where such evidence useable in state court actions). In sum, dismissal without prejudice as Plaintiff requests promotes judicial economy and the convenience of the parties while preserving Mangan's counterclaims without demonstrable prejudice to Mangan in the form of wasted defense resources if the state law claims, with the exception of Plaintiff's Mohawk Doctrine damage claim, asserted in this action are added to the pending state court action against Mangan. *See Camilli*, 436 F.3d at 123; *GAP, Inc.*, 169 F.R.D. at 588.

Mangan's reliance on *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) and *Pizzulli v. Northwestern Mut. Life Ins. Co.*, 2006 WL 490097 (S.D.N.Y. 2006), Defendant Michael Mangan's Memorandum of Law (Doc. No. 148-1) at 4, is misplaced. In *Zagano*, the court dismissed plaintiff's federal case based on the prejudice to defendant that would immediately result from dismissal on the eve of trial, because the court found plaintiff had filed her federal claim for vexatious purposes, and that dismissal would risk the loss of witnesses. *Zagano*, 900 F.2d at 13-14. No similar factors are present in the instant case.

In *Pizzulli*, voluntary dismissal without prejudice was denied based on the defendant counter-claimant's failure to timely move to dismiss its rescission counterclaim following removal and to promptly seek declaratory relief in state court thereby causing undue inconvenience to plaintiff-claimant. *Pizzulli,* 2006 WL 490097, at *2. Applying the *Zagano* factors the court found voluntary dismissal unwarranted. Here, neither issue of undue delay or serious unfairness to the opponent – Mangan – arises on this record.

Nor is there any basis for Mangan's request for attorneys fees and costs. Such fees and costs may be awarded under Rule 41(a)(2) only "where justice so demands," "'where plaintiff's action was commenced or conducted in bad faith, vexatiously, wantonly, or for oppressive reasons,'" *GAP, Inc.*, 169 F.R.D. at 588-89 (citing and quoting cases), or where dismissal is sought immediately prior to trial or after trial has commenced. *Id.*[4] Here, the court has found Plaintiff is not guilty of bad faith or vexatious litigation tactics, or wanton or oppressive misconduct, and trial is not imminent. Accordingly, conditioning dismissal on an award of such fees and costs, as Mangan requests, is not warranted on this record.

---

[4] Plaintiff's assertion that Mangan's failure to timely request such an award in connection with Mangan's motion to dismiss or transfer the Missouri action should bar Mangan from seeking such costs at this time, Plaintiff's Reply at 6, is without citation to authority and the court's research fails to indicate that costs are available to the prevailing party on such a motion.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 144), should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2012
      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
 LESLIE G. FOSCHIO
 UNITED STATES MAGISTRATE JUDGE

DATED: November 7, 2012
 Buffalo, New York